UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-90-TAV-DCP |
| | ) | |
| ZACHARY KYLE SWITZER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Zachary Switzer's Motion for New Scheduling Order and to Continue All Dates [Doc. 17], filed on August 4, 2026.

Defendant asks to continue the September 8, 2026 trial date; the July 29 pretrial motion deadline; and all deadlines in this case [*Id.* ¶¶ 1, 7]. As grounds, Defendant states he first appeared on a criminal complaint on June 18, 2026, at which time he was represented by different counsel [*Id.* ¶ 1]. Defendant was indicted on July 1, 2026 [*Id.* ¶ 3; *see* Doc. 12], and the Court substituted current defense counsel on July 7, 2026 [Doc. 14]. Defendant states the Government provided initial discovery on July 20, 2026 [Doc. 17 ¶ 4]. The Court arraigned Defendant on the Indictment on July 29, 2026, at which time the Court set a trial date of September 8 and a motion deadline of July 29, the same day as the arraignment [*Id.* ¶ 5]. Defendant contends that defense counsel needs more time to review discovery both individually and with Defendant, to engage in plea negotiations, and to otherwise prepare the case for trial [*Id.* ¶¶ 8, 10–11]. The motion relates that the Government does not oppose the requested continuance [*Id.* ¶ 13]. In email correspondence

with Chambers, defense counsel stated that Defendant is aware of his speedy trial rights and waives them for purposes of the requested continuance.

Based upon the information in Defendant's motion, which the Government does not oppose, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel, who recently joined the case, needs more time to review, discuss, and evaluate the discovery in this case, to confer with Defendant, and, if deemed necessary, to file pretrial motions. *See id.* § 3161(h)(7)(B)(iv). Also, defense counsel requires additional time to explore a negotiated resolution and to prepare the case for trial. *See id.* § 3161(h)(7)(B)(iv). The Court finds that all of this cannot occur before the September 8, 2026 trial date.

The Court therefore **GRANTS** Defendant's Motion for New Scheduling Order and to Continue All Dates [**Doc. 17**]. The trial of this case is reset to **December 8, 2026**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on August 4, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Switzer's Motion for New Scheduling Order and to Continue All Dates [**Doc. 17**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **December 8, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **August 4, 2026**, and the new trial date of **December 8, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **September 4, 2026**, and responses to pretrial motions are due on or before **September 18, 2026**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **November 6, 2026**;

(6) the deadline for filing motions *in limine* is **November 23, 2026**, and responses to motions *in limine* are due on or before **December 1, 2026**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **November 17, 2026, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **November 25, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

3