UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:26-CR-90-TAV-DCP |
| | ) | |
| ZACHARY KYLE SWITZER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Zachary Switzer's Motion to Continue All Dates and for Expert Testing Accommodations [Doc. 20], filed on November 4, 2026.

Defendant asks to continue the December 8, 2026 trial date and all deadlines in the scheduling order [*Id.* at 1]. As grounds, Defendant states that additional time is necessary to allow Defendant's expert, Dr. Malcolm Spica, a neuropsychologist, to evaluate him at the jail [Doc. 20 ¶ 9, 11]. Defendant contends that he received "multiple traumatic brain injuries" from "repetitive blast exposure" during his service as a combat veteran [*Id.* ¶ 10]. Defendant asserts that in addition to his work in the military and as a Life Flight trauma nurse, he also experienced "[o]ther significant traumatic events . . . includ[ing] fatally shooting a home intruder in self-defense and a lengthy contentious custody battle over his children" [*Id.*]. Defendant has retained Dr. Spica to assess the impact of these events and injuries on his decision-making ability and conduct [*Id.* ¶ 11]. He maintains that the results of this evaluation are relevant to his negotiations with the Government [*Id.* at 12]. Defendant proposes that Dr. Spica evaluate him at the jail on December

1, 2026, at 9:00 a.m.,[1] for approximately three to four hours [*Id.* ¶¶ 13, 16]. According to the motion, Dr. Spica requests the following accommodations to protect the validity of the evaluation: "A private room for three to four hours[,]" "[n]o audio surveillance[,]" "[a] table and three chairs[,]" and that Defendant "be uncuffed" [*Id.* ¶¶ 13, 15]. Defendant states that he has worked with officials at the jail and with the United States Marshals Service ("USMS"), who state that "absent a court order, existing policies prevent them from accommodating Dr. Spica's requests" [*Id.* ¶ 14]. The motion relates that Defendant is aware of his speedy trial rights and waives them for purposes of the requested continuance [*Id.* ¶ 18]. It also states that the Government has no objection to the requested continuance or the testing accommodations [*Id.* ¶ 21].

Based upon the information in Defendant's motion, which the Government does not oppose, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defense counsel seeks additional time for Defendant to be evaluated by an expert neuropsychologist, to receive the results of that evaluation, and to explore a negotiated resolution. *See id.* § 3161(h)(7)(B)(iv). If negotiations are not fruitful, defense counsel requires additional time to prepare the case for trial. *See id.* The Court finds that all of this cannot occur before the December 8, 2026 trial date.

[1] Dr. Spica, who will be traveling from Nashville, Tennessee, has "other availability if the suggested date and time is not workable" [Doc. 20 ¶ 16].

The Court therefore **GRANTS** Defendant's request to continue the trial and schedule in this case to allow Defendant to be evaluated by the defense expert [**Doc. 20**]. The trial of this case is reset to **April 20, 2027**. A new trial schedule is included below. Because the Court finds that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on November 4, 2026, and the new trial date is fully excludable under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

As to Defendant's request for certain accommodations for his expert, the undersigned has spoken with a representative of the USMS, who related that the jail and the USMS are working with defense counsel to accommodate the expert's evaluation on December 1, 2026, and his requested accommodations. The representative related that the accommodations may not require an Order from the Court. Accordingly, the undersigned will not enter an Order at this time and encourages further communications between counsel, the appropriate officials at the jail, and the USMS. If after further consultation with the jail and USMS, defense counsel believes an Order is necessary, he shall renew his motion for the accommodations on or before Wednesday, **November 18, 2026.**

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Switzer's Motion to Continue All Dates and for Expert Testing Accommodations [**Doc. 20**] is **GRANTED in part** in that the Court grants a continuance of the trial and schedule to permit Defendant to be evaluated by the defense expert;

(2) the trial of this matter is reset to commence on **April 20, 2027, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **November 4, 2026**, and the new trial date of **April 20, 2027**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions expired on **September 4, 2026** [Doc. 18 p. 3]. With the exception of motions relating to experts, if a party deems a pretrial motion to be necessary, the party must move for leave to file the motion out of time with an explanation of good cause for the late filing and attach a copy of the proposed late motion;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 19, 2027**;

(6) the deadline for filing motions *in limine* is **April 5, 2027**, and responses to motions *in limine* are due on or before **April 13, 2027**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **March 30, 2027, at 11:30 a.m.**;

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **April 9, 2027**, and

(9) Defendant shall file a motion to renew his request for an Order regarding expert accommodation, if necessary, on or before **November 18, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge